# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HUNTER'S VIEW, LTD. and TEXTUS INDUSTRIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06-1326 |
| BIG DOG TREESTAND, INC., DOUGLAS N. SMITH, TERRY B. ROYER, and ERIC PRESLEY, | ) ) ) ) ) | |
| Defendants. | ) | |

## O R D E R

This matter is now before the Court on Defendants' Motion to Refer Case to Bankruptcy Court and for Stay. For the reasons set forth below, the Motion [#6] is GRANTED.

### DISCUSSION

On November 18, 2005, Plaintiff Hunter's View filed a voluntary petition in the United States Bankruptcy Court for the Central District of Illinois. On December 29, 2006, Plaintiff filed an adversary case in the Bankruptcy Court alleging that Defendants Douglas Smith ("Smith"), Terry Royer ("Royer"), and Big Dog Treestand, Inc. ("Big Dog") conspired to cause Hunter's View's bankruptcy by defrauding it, embezzling money, and breaching fiduciary duties owed to Hunter's View.

Also on December 29, 2006, Plaintiff filed this action alleging that the Defendants breached their fiduciary duties and duties of loyalty, embezzled money, breached their employment contracts, infringed Hunter's View's copyrights, engaged in unfair competition and deceptive trade practices, and tortiously interfered with Hunter's View's business.

Title 28 U.S.C. § 157(a) provides that "[e]ach district court may provided that any or all cases under [T]itle 11 and any or all proceedings arising under [T]itle 11 or arising in or related to a case under [T]itle 11 shall be referred to the bankruptcy judges for the district." In accordance with § 157(a), Local Rule 4.1 for the United States Bankruptcy Court for the Central District of Illinois directs that "[a]ll cases under Title 11, United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district."

Here, although there is at least one party that is not currently involved in the bankruptcy proceedings, the Court finds that a substantial portion of the allegations contained in the present Complaint are clearly related to Hunter's View's Chapter 11 proceedings and the related adversary proceeding. Plaintiffs have alleged that through their misconduct, Defendants conspired to cause Hunter's View to become bankrupt. Additionally, both proceedings involve allegations of embezzlement, fraud, and breach of fiduciary duty resulting in financial injury to Hunter's View. Common questions of fact and law are obviously present, and it is appropriate that this matter be referred to the Bankruptcy Court for resolution of the claims to the extent that they are related to the proceedings before the Bankruptcy Court.

Accordingly, Defendants' Motion to Refer Case to Bankruptcy Court and for Stay [#6] is GRANTED. This matter is now REFERRED to the Bankruptcy Court for resolution

pursuant to Local Bankruptcy Rule 4.1, and proceedings in this Court are STAYED pending the issuance of the Bankruptcy Court's decision.

ENTERED this 20th day of April, 2007.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge